Robert PRATHER, Appellant,

v.

UNITED STATES of America,
Appellee.

David GREEN, Appellant,

v.

UNITED STATES of America,
Appellee.

John GREEN, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 18796–18798.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 6, 1964.

Decided Oct. 29, 1964.

Mr. Joseph P. Tumulty, Jr. (appointed by this court), Washington, D. C., for appellants.

Mr. Martin R. Hoffmann, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

Appellants were convicted of the crime of assault with intent to commit robbery, D.C.Code § 22–501, and were duly sentenced. No appeals were taken from the convictions and no notices of appeal were filed within the time allowed by Rule 37 of the Federal Rules of Criminal Procedure.

After a number of intervening petitions for relief under 28 U.S.Code § 2255, a third motion was filed under that section, which was denied by the trial court without a hearing. Appellants thereupon sought leave to appeal to this court *in forma pauperis*. After the leave was denied by a panel of this court, and later by the court *en banc,* the denial was vacated by this court *sua sponte.* Counsel was appointed to file a memorandum in support of the motion for leave to appeal *in forma pauperis.* Counsel thereupon moved for a transcript of the testimony adduced at the trial and stated that direct appeals might be allowed under the circumstances of these cases. The transcript was ordered and leave to appeal was granted, the court stating:

"The court reserves its decision on the question of whether this is a direct appeal from the judgment of conviction or a collateral attack until full briefing and hearing of the case on the merits."

We are of the opinion that under the circumstances of these particular cases the court has jurisdiction to entertain direct appeals from the convictions and we allow such appeals.

The only question urged for reversal by able counsel appointed by this court is that the trial court erred in its instruction to the jury relating to the lesser included offense of simple assault. Our examination of the record convinces us that the instructions were adequate and sufficient. Accordingly, it follows that the judgments of conviction by the District Court are

Affirmed.